# September Term, 1960

No. 18,660.

JOHN Z. NILSON, ET AL *v.* JOHN H. HUEMPFNER, ET AL.

(355 P. [2d] 316)

Decided September 12, 1960.   Rehearing denied October 3, 1960.

Mr. RICHARD N. GRAHAM, Mr. LAWRENCE M. GUILFORD, Mr. HARRY E. CARLENO, for plaintiffs in error.

Mr. FRED E. NEFF, Mr. ROBERT SWANSON, Mr. ROYAL C. RUBRIGHT, for defendants in error.

*In Department.*

PER CURIAM.

THE parties appear here in the same order as in the trial court. Trial to the court resulted in a judgment of dismissal, from which plaintiffs prosecute this writ of error.

The plaintiffs complain that the defendants have erected a barrier preventing traffic to an area where plaintiffs maintain a dry cleaning establishment. They seek damages and an injunction. It is contended that the land, consisting of Lots 6 and 45, Block 1, Birch's Addition to South Broadway Heights, situate in the County of Arapahoe, State of Colorado, is a public way.

Defendants purchased the land involved in 1955 from the Denver Tramway Corporation, which had owned the property for many years and had used it as a terminal for its street cars and busses at Englewood, it being referred to as the Tramway "Loop." When defendants purchased the property they erected a barrier across the lots preventing its use by vehicular traffic.

The trial court found from the evidence that the Denver Tramway Corporation had maintained street car tracks upon this property for a period of forty years, from 1910 until 1950; that street cars traveled the tracks at frequent intervals both day and night for nearly half a century; that during this period the public was permitted to make use of this land for pedestrian traffic and for both horse-drawn and motor-powered vehicles; that the Denver Tramway Corporation maintained said property, kept it free of snow, erected a comfort station, a private line telephone, a sand box, poles and wires.

When street cars were moving over the property, or were stopped thereon, other vehicular traffic was impossible. Passengers boarding or leaving tramway vehicles made use of the area.

The trial court concluded that no one claimed a right

superior to that of the Tramway Corporation. If vehicles were in the area they promptly moved out at the sound of a street car "gong." Defendants acquired by conveyance all the right, title and interest of the Tramway Corporation, including the right to limit or abolish its use for vehicular traffic by others. We are in accord with the conclusions of the trial court.

The record shows that such use as was made of the "loop" by the public for its own convenience was always subordinate to the prior and superior dominant use of the Tramway. In periods of heavy Tramway use, vehicular use by the public was impossible. The public did not have a free and unrestricted use of the "loop" and such use as the public made of it was permissive in nature.

■ In *Allen v. Bank,* 120 Colo. 275, 208 P. (2d) 935, this court said:

"The general rule seems to be that where one constructs a passageway over his own property, at his own expense, and thereafter it is utilized by others, their use is presumed to be permissive and a neighborly indulgence, and, being permissive in its inception, continues to be such until that permissive use is changed to the knowledge of the owner to an adverse use. * * *."

■ Here the use by the public was permissive and, so long as permissive, the prescriptive period did not commence to run. The trial court's finding that the use here was permissive is sustained by the evidence. There is nothing in the record here to show adverse use.

Mere use, not adverse, even for the prescriptive period, is not sufficient to establish intent on the part of the owner to dedicate. A right-of-way to the public may be established by proof of intent to dedicate, or by adverse use for the prescriptive period. Neither exists here.

The judgment is affirmed.